SILAS WOODSON, ET AL., *v.* JOHN W. TUGGLE, ET AL.

**Statute of Limitations—Mortgage—Foreclosure.**

Where a mortgage was enforceable as early as 1838 and more than thirty-three years elapsed before any suit was begun to foreclose it, the statute of limitations is a good defense to such action.

APPEAL FROM GARRARD CIRCUIT COURT.

March 25, 1876.

OPINION BY JUDGE LINDSAY:

The land adjudged to be sold to satisfy the supposed lien of the appellees, or the greater portion of it, was covered by the mortgage executed by Joseph Eve to Riggs's Son and Aertson in October, 1836. It is clearly intimated by this court in the two opinions rendered in the cause pending first in the general court and afterwards in the Franklin Circuit Court, wherein Aertson, surviving partner, was complainant, and Eve, Dorton, et al., were defendants; that neither the acceptance of the new notes with personal security nor the accept-

ance of the replevin bond, executed under the judgment against Eve, Dorton, et al., released said land from the mortgaged lien. As Ballinger & Woodson were parties to said suit, on the cross-petition of Aertson we will, in this opinion, treat those intimations as conclusive of the law of this case.

After the acceptance of the personal security, and after the judgment against Eve, Dorton, et al., had been replevied, viz., on the 1st day of October, 1839, Joseph Eve sold the land in question to Ballinger, and in consideration of two thousand dollars in hand paid, said Joseph Eve and Benjamin Eve joined in a conveyance to the vendee. After all this, execution was sued out on the replevy bond, and was levied on certain real estate in Knox county, and at a sale made by the sergeant of the general court in June, 1840, Tuggle, who professed to represent the plaintiffs, bid the amount of the execution for the property offered for sale, and the execution was returned satisfied.

In 1844 the plaintiffs in this execution brought their suit to set aside this sale and to quash the return of the sergeant, upon the ground that Tuggle was not their agent, that the title to the lands purchased by him was defective, and that it was bid in by him under a fraudulent arrangement with Joseph Eve. In 1846 they filed in this suit an amended petition, and made it a cross-petition against Ballinger and Woodson, and then for the first time sought to enforce their mortgage. This was nearly ten years after its execution, and seven years after the land in controversy had been sold by the mortgagor to Ballinger.

In 1852 the Franklin circuit court rendered a judgment setting aside the sale, made under execution in 1840, and directing the issuance of a new execution upon the replevy bond, and also decreeing a sale of the land held by Ballinger and Woodson. After said land had been sold, and purchased by Aertson, this court reversed the judgment setting aside the execution sale and directing a sale of the mortgaged property, because the heirs at law of Joseph Eve (then dead) had not been brought before the court.

After this reversal, Aertson filed an amended petition insisting that the reversal of the judgment did not affect the sale and conveyance theretofore made to him, and asked to have the same confirmed. In October, 1857, a judgment conforming to the prayer of this amended petition was rendered, and Ballinger and Woodson were dispossessed, and the land delivered to Aertson.

In 1860, this last named judgment was reversed by this court, and

in March of that year the opinion and mandate of this court was filed and made matter of record in the Franklin circuit court. We do not regard it as necessary to determine whether after this reversal the return of satisfaction on the execution issued in 1840 remained in force or not. The reversal of the decree of 1853 left Aertson in court seeking a foreclosure of his mortgage, but without a judgment of foreclosure. The reversal of the judgment of 1857 set aside his sale under the decree of 1853, and judicially settled the question that his possession of the mortgaged premises was without right.

The cause lingered on the docket in this condition until February, 1863, when it was dismissed for the want of prosecution. This dismissal terminated the suit commenced in 1846 to enforce the mortgage of 1836. In 1869 Ballinger & Woodson instituted their action to recover possession of the lands from the heirs of Tuggle, who had purchased from Aertson, and who had been placed in possession by him, while he was holding under the sale made in 1857. Tuggle's heirs claimed to have paid Aertson $3,000 for the land. They set up the fact that he held the mortgage before referred to, and they asked to be subrogated to his rights, to the extent of the money paid him by their ancestor; and in event they could not hold the land, they asked that it be sold for the satisfaction of the mortgage debts and that they be repaid the amount so paid by their ancestor to Aertson.

Other defenses were relied on, but as Aertson remained in possession without right after the judgment confirming the sale made to him had been reversed, it is evident that Tuggle's heirs, who claim under him, can occupy no better position than he could have occupied if he had taken and held the possession in person. We will, therefore, pass to the inquiry as to the right of Tuggle's heirs to have the mortgage of 1836 foreclosed, and, in considering that question, will waive the further question as to whether they are in an attitude to claim that they shall be subrogated to the rights of Aertson. It is certain that that is the most that they can claim.

In reply to the cross-petition of Tuggle's heirs, Woodson and the heirs at law of Ballinger, who died after the institution of these actions, pleaded payment in full by the heirs and representatives of Joseph Eve, deceased, of the debts intended to be secured by the mortgage to Riggs's Son and Aertson. They also, after setting out the dates of the various transactions, pleaded that, before Tuggle entered upon the possession of the lands, twenty years had elapsed after the execution of the mortgage; and they claimed that it had, therefore, been forfeited. They further pleaded the great lapse of

4

time and expressly relied on the statute of limitation as a bar to the cross-petition to foreclose the mortgage.

The deed from the commissioner to Aertson became inoperative and void by reason of the reversal of the two judgments in his favor, and it was not necessary that the circuit court of Franklin county should make a formal order cancelling it. Tuggle's heirs, holding as they did under Aertson, could not resist appellants' actions for the recovery of the land. When they sought to be subrogated to the rights of Aertson under his mortgage, the appellants had the right to defend their title by making available any defense that could have been relied on by their vendor, Eve, or his heirs or representatives, to defeat its foreclosure.

The suit of Aertson in the Franklin circuit court was dismissed in February, 1863. From that time until appellees filed their cross-petition in these actions on July 15, 1871, there was no attempt made to enforce Aertson's judgment at law, nor to foreclose his mortgage. If the judgment of October 16, 1857, set aside the return of satisfaction on the execution of 1840, then nearly fourteen years elapsed after that time, and before the cross-petition of appellees was filed; and we are not prepared to say that this great delay, coupled with the other facts presented by the record, might not authorize the presumption of payment.

If the reversal of said judgment had the effect of annulling so much of it as set aside the said return of satisfaction, then that return still stands, and it precludes either Aertson or his vendees from proceeding to foreclosure the mortgage. But the plea of limitation is conclusive of the case. The mortgage was enforceable as early as 1838. More than thirty-one years had elapsed before appellants brought their action at law, and more than thirty-three years before appellees sought to foreclose the mortgage.

As soon as the mortgage was foreclosed the mortgagee, as the law then stood, might have sued for the possession of the mortgaged premises, or they might have sued to foreclose the mortgage. The statute of limitation, therefore, commenced to run at that time. Twenty years barred their right to recover possession of the land, and the same lapse of time also barred their right to foreclose the mortgage. To this it is answered that a suit to foreclose was commenced within ten years after the forfeiture. But that action was dismissed, and the suspension of the running of the statute, produced by its pendency, thereby rendered unavailing for the purpose of keeping their right of action alive.

It is further answered that the mortgagees and those claiming under them entered upon possession in 1857, and have held possession ever since.   But they entered as purchasers at a judicial sale, and not as mortgagees.   They did not hold under a judgment of the court, and their possession cannot therefore be regarded as keeping the mortgage alive.   Their holding was all the time tortious, and the appellants might have turned them out at any time after the reversal of the law judgment by this court.   An action to recover real estate must be brought within thirty years after the right of action accrues, notwithstanding any and all disabilities under which the plaintiffs may labor.

Such being the fact it seems to us clear that the legislature neither contemplated nor intended that there should exist any state of case in which an action to foreclose a mortgage upon real estate (which is now treated as a mere security), might be commenced more than thirty years after the right of action accrued.

For this reason, if for no other, the judgment on appellees' claim for $3,000 must be *reversed*.   The cause is remanded with instructions to dismiss so much of appellees' cross-petition as seeks that relief, and then for an adjustment of the question of rents and improvements upon equitable principles.  ·

For the accomplishment of the last named purpose further pleading and preparation may be allowed.

*James & Duvall, W. D. Hopper, for appellants.*

*G. W. Dunlap, for appellees.*